ORDERED.

**Dated:  July 05, 2018**

_Catherine M. McEwen_
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 8:18-bk-01607-CPM |
| Townsend H. Porter, Jr., | Chapter 11 |
| Debtor. | |
| _____/ | |

**MEMORANDUM OPINION ON**
**MOTION TO EXTEND TIME TO FILE 2017 TAX RETURNS**

THIS CASE came on for consideration of the Debtor's Motion to Extend Time to File 2017 Tax Returns (the "Motion") (Doc. #61).  The Debtor filed this case on March 2, 2018.  The earliest date the Debtor was required to file his 2017 tax returns under nonbankruptcy law was April 17, 2018.[1]  The Motion states that the Debtor and/or his tax preparer have filed with the appropriate taxing authority what is required to obtain an automatic extension of time through October 15, 2018, to file his 2017 returns.  The Motion cites the Court's Order Authorizing Debtor-in-Possession to Operate Business (Doc. 7), which states that the Debtor must "timely" file all Federal and state tax required to be filed after the petition date, and requests an extension of time through October 15, 2018, to file any outstanding 2017 tax returns.

---

[1] https://www.irs.gov/newsroom/2018-tax-filing-season-begins-jan-29-tax-returns-due-april-17-help-available-for-taxpayers.

By order dated June 21, 2018 (Doc. #92), the Court denied the Motion as moot. This Memorandum Opinion supplements the order.

Under § 521(f)(1) of the Bankruptcy Code, at the request of the court, the United States trustee, or any party in interest in a case under chapter 7, 11, or 13, a debtor who is an individual shall file with the court

> *at the same time filed with the taxing authority*, a copy of each Federal income tax return required under applicable law [or transcript thereof] that had not been filed with such authority as of the date of the commencement of the case and that was subsequently filed for any tax year of the debtor ending in the 3-year period ending on the date of commencement of the case...[and] if the debtor fails to file a tax return that becomes due after the commencement of the case *or to properly obtain an extension of the due date for filing such return,* the taxing authority may request that the court enter an order converting or dismissing the case.[2]

Thus, although the bankruptcy case of an individual 11 debtor under chapters 7, 11, or 13 may become subject to conversion or dismissal for failure to file a tax return due after the commencement of the case, § 521(f)(1) expressly recognizes the debtor's ability to obtain from the taxing authority an extension of time to file such return.

In other words, what constitutes the "timely" filing of a Federal income tax return is not governed by the Bankruptcy Code. The IRS sets the deadlines for filing tax returns,[3] and this Court has no authority to alter those deadlines or to grant or deny extensions thereof. Consequently, a request to the Bankruptcy Court for an extension of time with respect to the Debtor's 2017 tax return is necessary only if the Debtor were for some reason unable to file with the Court a copy of his 2017 tax return at the same time he files the return with the IRS as he is

---

[2] 11 U.S.C. § 521(j)(1) (emphasis added).
[3] *See* 11 U.S.C. § 346(k) (the time and manner of filing tax returns are generally determined by applicable nonbankruptcy law).

otherwise required to do under § 521(f)(1). The Motion does not state that the Debtor suffers from such inability. Accordingly, the relief requested in the Motion is unnecessary.

The Clerk is directed to serve a copy of this order on the Debtor, and interested non-CM/ECF users.